**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GURPREET SINGH CHAHAL,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-73712<br><br>Agency No. A089-665-617<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2015[*][*]

Before:     FISHER, TALLMAN, and NGUYEN, Circuit Judges.

On February 10, 2015, the court granted the respondent's unopposed motion to stay proceedings. On March 20, 2015, the respondent informed the court that Gurpreet Singh Chahal is not a candidate for prosecutorial discretion, and requested that this case move forward. The stay of proceedings is hereby vacated.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.


[*][*]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Chahal, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

The agency found Chahal not credible based on the omission of significant incidents and information from affidavits provided by his wife and mother in support of his claim. Substantial evidence supports this determination. *See id*. at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). Further, we reject Chahal's contentions that the agency's credibility analysis was incomplete or insufficient. Thus, in the absence of credible testimony, Chahal's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Chahal's CAT claim also fails because it is based on the same evidence the agency found not credible, and Chahal does not point to any other evidence that compels the conclusion that it is more likely than not he would be

tortured by or with the acquiescence of the government if returned to India. *See id.* at 1156-57. We reject Chahal's contention that the agency decisions were insufficient. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not "write an exegesis on every contention").

**PETITION FOR REVIEW DENIED.**